UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GEORGE HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, CORCORAN STATE PRISON,<br><br>    Respondent. | Case No. 2:20-cv-09452-MCS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On October 13, 2020, Petitioner George Hernandez ("Petitioner") filed a "Petition for Writ of Habeas Corpus 28 U.S.C. § 2254," raising six grounds for relief. See Dkt. 1 ("Petition" or "Pet."). The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition suffers from at least four defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.

## PETITIONER'S CLAIMS

1. Trial counsel rendered ineffective assistance by failing to call

expert witnesses to support Petitioner's justifiable murder defense.

      2.     Trial counsel rendered ineffective assistance by failing to provide Petitioner's client file upon request.

      3.     Prison officers abused their discretion in obstructing Petitioner's right to possess legal materials essential to claims being litigated.

      4.     Appellate counsel rendered ineffective assistance by failing to raise an insufficiency of the evidence claim on appeal.

      5.     The evidence was insufficient to support Petitioner's conviction for second degree murder.

      6.     "The cumulative effect of the errors mentioned deprived Petitioner of a fair and impartial trial as envisioned by the federal constitution." Pet. at 2.

## III.
## DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for four reasons: (1) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (2) Petitioner does not name the proper respondent; (3) Petitioner failed to pay the filing fee; and (4) at least two of Petitioner's claims are not cognizable on federal habeas review.

    **A.**    <u>**Failure to Use the Court-Approved Form**</u>

First, the Petition has not been submitted on the form approved by the Central District of California. Rule 2(d) of the Habeas Rules authorizes district courts to require that habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. <u>See</u> Central District Local Civil Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the

forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to properly use a Court-approved form.

### B. Failure to Name the Proper Respondent

Second, the Petition fails to name an appropriate respondent. Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended); see also Rule 2(a), Habeas Rules. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360. Here, Petitioner names "WARDEN, CORCORAN STATE PRISON" as the respondent, but fails to identify a specific individual.

### C. Failure to Pay Filing Fee

Third, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not file an application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The Clerk is directed to send Petitioner a form IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

### D. Petitioner Asserts Non-Cognizable Claims

Fourth, Grounds Two and Three appear subject to dismissal as non-cognizable. In Ground Two, Petitioner alleges that trial counsel rendered ineffective assistance by failing to provide his client file upon request for purposes of supporting his ineffective assistance of counsel claim in Ground One.[1] In support, Petitioner cites various California cases, arguing that

---

[1] Although Petitioner contends that trial counsel failed to provide his client file, a

3

"[p]rocedural law in the State of California mandates counsel appointed and/or retained by the client to relinquish to the client the client file maintained by said appointed and/or retained counsel when the client makes a written request to obtain said file." Pet. at 2, 13.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68. As such, Petitioner's claim alleging his trial counsel failed to provide his client file based on state law does not present a federal question and as such, this claim is not cognizable on federal habeas review. Although Petitioner attempts to characterize his claim as a violation of Strickland v. Washington, 466 U.S. 668 (1984), Petitioner cannot "transform a state law issue into a federal one" simply by labeling it unconstitutional. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) ("[A petitioner] may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process."); see also Wells v. Williams, 2020 WL 4937102, at *3-4 (D. Nev. Aug. 21, 2020) (claim that trial/appellate counsel was ineffective because he refused to send legal file after his appeal concluded failed to state an actionable habeas claim on its face); Gonzalez v. Harrington, 2011 WL 7429400, at *30

---

letter attached to the Petition appears to indicate that counsel provided Petitioner at least some of these documents. See Pet. at 40 (CM/ECF pagination) (4/4/18 letter from deputy public defender Melissa Mammenga responding to Petitioner's letter requesting clarification regarding, among other things, why certain information was redacted, and advising Petitioner that she would "review the file again to ensure that all pages that are allowed have been sent to" Petitioner).

(C.D. Cal. June 6, 2011) ("the United States Supreme Court has never held that a defense counsel's failure to turn over his case file immediately after being relieved is, in itself, a violation of federal law" and finding claim that counsel's failure to turn over his files interfered with ability to mount a collateral challenge to sentence and conviction could not form the basis of an ineffective assistance of counsel claim (citing Moormann v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005)), report and recommendation accepted by 2012 WL 630442 (C.D. Cal. Feb. 27, 2012); Dailey v. Hubbard, 2010 WL 1734930, at *10 (C.D. Cal. Jan. 25, 2010) (finding claim that trial counsel was ineffective for failing to provide petitioner with his legal file in order for petitioner to prepare a state habeas petition could not form the basis of an ineffective assistance of counsel claim because petitioner had no constitutional right to counsel beyond his first direct appeal), report and recommendation adopted by 2010 WL 1730069 (C.D. Cal. Apr. 27, 2010); cf. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). While this claim may provide an explanation as to why Petitioner did not provide any evidence from his trial counsel's file substantiating his contention that counsel failed to interview witnesses in support of Ground One, Petitioner does not separately challenge any act or omission that took place at trial or on appeal in this ground for relief. Instead, it appears Petitioner is challenging counsel's failure to turn over his case file for purposes of pursuing collateral post-conviction review. See, e.g., Pet. at 37 (6/20/19 letter from Petitioner to counsel explaining that he is working on a petition relating to his conviction and has a right to seek post-conviction relief). Consequently, Petitioner cannot show a reasonable probability that, but for counsel's failure to turn over his file, the results of his trial or appeal would have been different. See Strickland, 466 U.S. at 694; see also Smith v. Robbins,

528 U.S. 259, 285 (2000); Dailey, 2010 WL 1734930, at *10; Blazer v. Scribner, 2009 WL 1740829, at *19 (C.D. Cal. June 17, 2009) (finding that petitioner failed to make the requisite showing of prejudice because the claim that counsel failed to comply with petitioner's post-trial request for his client file "took place well after the completion of his trial and consequently, petitioner cannot show a reasonable probability that, but for counsel's failure to turn over the files, the results of the trial would have been different"). As such, it appears Ground Two is not cognizable and/or plainly meritless.

As to Ground Three, it appears this claim must be pursued, if at all, in a civil rights action under 42 U.S.C. § 1983. In Ground Three, Petitioner alleges that "[p]rison officials abused their discretion in obstructing Petitioner's right to possess legal materials essential to the claims being litigated." In particular, Petitioner contends that prison officials denied him access to his client file, thereby obstructing his right to court access. Pet. at 2, 16-19.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration fall within the "core" of habeas corpus. Hill v. McDonough, 547 U.S. 573, 579 (2006); Nelson v. Campbell, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." Nelson, 541 U.S. at 643; see also Hill, 547 U.S. at 579; Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (finding "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Thus, if success on a habeas petitioner's claim would not necessarily lead to his

immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935 (citing Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

    Here, it appears Ground Three does not fall within the core of habeas corpus. Petitioner's claim regarding the denial of his client file is not cognizable on federal habeas review because it challenges Petitioner's conditions of confinement and does not implicate the fact or duration of his confinement. As the Ninth Circuit has explained, "prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933. Regardless of the form of relief sought, success on this claim would not result in an immediate or speedier release from custody. As such, it appears this claim must be pursued in a civil rights action. See, e.g., Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought in a civil rights action despite the relief sought); Johnson v. Matevousian, 2017 WL 469360, at *2 (E.D. Cal. Feb. 2, 2017) (claims that prison officials failed to provide legal materials and denied access to the courts constituted challenges to conditions of confinement and as such, a civil rights action was the proper vehicle for pursuing those challenges); Wiig v. Ives, 2011 WL 285075, at *4 (E.D. Cal. Jan. 25, 2011) (claim regarding denial of access to legal materials must be pursued in civil rights action). Accordingly, it appears at least two of Petitioner's claims are not cognizable on federal habeas review.

## IV.
## ORDER

    For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by no later than thirty (30)

days from the date of this Order, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

Alternatively, Petitioner may file an amended petition within thirty (30) days of the date of this Order to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order.

Dated: October 27, 2020

_____
JOHN D. EARLY
United States Magistrate Judge